UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA OROZCO,

                       Plaintiff,

      -against-

INVACARE CORPORATION, MOBILITY
PRODUCTS UNLIMITED, LLC and
ROADRUNNER MOBILITY,

                       Defendants.
------------------------------------------------------------X

Civil Action No.:

7:15-cv-02603-NSR

**ANSWER**

Defendant Invacare Corporation, i/s/a "Roadrunner Mobility" ("Invacare"), by and through its attorneys, HAWORTH COLEMAN & GERSTMAN, LLC, as and for its Answer to Plaintiff's Complaint, respectfully sets forth the following upon information and belief:

## ANSWERING THE FIRST CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "1," "3," "4," "5," and "15" of the Complaint.

2. Denies the allegations in paragraph "2" of the Complaint except admits that from time to time Invacare transacts business in the State of New York.

3. Denies the allegations in paragraph "6" of the Complaint except admits that Invacare acquired Roadrunner Mobility in or about 2007 and that Roadrunner Mobility is a defunct corporation.

4. Denies each and every allegation contained in paragraphs "7," "8," "9," "10," "11," "12," "13," "14," "16," "17," "18," "19," and "20" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

5. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "21" of the Complaint.

6. Denies each and every allegation contained in paragraphs "22," "23," "24," and "25" of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

7. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "26" of the Complaint.

8. Denies each and every allegation contained in paragraphs "27," "28," "29," "30," "31," "32," "33," and "34" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

9. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "35" of the Complaint.

10. Denies each and every allegation contained in paragraphs "36," "37," "38," "39," "40," "41," "42," and "43" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, the liability of this answering defendant if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total

liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against any defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That by entering into the activity in which plaintiff was engaged at the time of the occurrence as set forth in the Complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in her activities and such risks were assumed and accepted by her in performing and engaging in said activities. Accordingly, any verdict or judgment must be reduced pursuant to CPLR § 1411.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages plaintiff may have sustained were caused in whole or in part by contributory negligence and/or culpable conduct of the plaintiff, with no contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that other parties, whether named or unnamed in the Complaint, and whether known or presently unknown to this answering defendant, were negligent or legally responsible or otherwise at fault for the damages alleged.  Therefore, this answering defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or the jury as to all parties.  This answering defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the subject product was manufactured or sold by this answering defendant, plaintiff's claims are barred because the product was substantially altered after it left this answering defendant's possession and control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This answering defendant was not served in accordance with the provisions of the Civil Practice Law and Rules and the Court therefore, lacks jurisdiction over the person of this answering defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

One or more of plaintiff's causes of action are time-barred pursuant to the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any injuries and damages sustained by plaintiff were the result of the misuse and/or abuse of the subject product by plaintiff, co-defendants or other third parties.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any and all acts performed and products manufactured and/or distributed by this answering defendant were at all times relevant hereto in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This answering defendant denies that any defect existed in the subject product.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give this answering defendant notice of any claimed breach of warranty, including a failure to give the notice set forth in Uniform Commercial Code, Section 2-607(e).

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant made no warranty, express or implied, to plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Any claim for breach of express warranty and/or breach of implied warranty is barred because there was no privity with this answering defendant.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because neither plaintiff nor co-defendants relied on the warranty, if any.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action cognizable in law or equity against this answering defendant, and must therefore, be dismissed.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

This answering defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery and hereby reserves its right to amend its answer to plead said defenses.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant is entitled to judgment as a matter of law based upon spoliation of evidence.

### DENIAL OF ALL CROSS-CLAIMS

This answering defendant denies each and every allegation contained in any cross-claim that has been or will be asserted against it.

### DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b) Invacare hereby demands a trial by jury on all triable issues.

Dated:      New York, New York
            April 3, 2015

                                        HAWORTH COLEMAN & GERSTMAN, LLC

                                        Scott Haworth (SH-5890)
                                        HAWORTH COLEMAN & GERSTMAN, LLC
                                        Attorneys for Defendant
                                        INVACARE CORPORATION i/s/a
                                        "Roadrunner Mobility"
                                        45 Broadway, 21st Floor
                                        New York, New York 10006
                                        Telephone: (212) 952-1100
                                        Facsimile: (212) 952-1110
                                        scott.haworth@hcandglaw.com

TO:

BERNSTEIN & BERNSTEIN, ESQ.
599 West Hartsdale Avenue
White Plains, New York 10607
Attorneys for Plaintiff